■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL DE FIORE, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 7, 1964 on his plea of guilty, convicting him of attempted robbery in the second degree, and sentencing him, as a second felony offender, to serve a term of 10 to 15 years. Judgment affirmed. While there was some confusion on sentence, the defendant and his counsel intentionally or unintentionally contributed to such confusion by knowingly making a misrepresentation as to the time to be served by the defendant. Under all the circumstances, there was no prejudice to any substantial right of the defendant. Beldock, P. J., Kleinfeld and Hill, JJ., concur; Brennan and Rabin, JJ., dissent and vote to reverse the judgment and to remand the defendant for rearraignment, with the following memorandum: In our opinion, it is obvious that the defendant was justified in believing that his plea of guilty would result in a sentence of imprisonment for not more than 3½ to 7 years. The court, in discussing and considering such a lesser term, apparently was led to believe that the defendant, on his prior sentences, owed approximately 11 years. It was later discovered that he owed only 2 years, 4 months and 29 days. The mistaken belief apparently resulted from the fact that the defendant's prior sentences of 5 to 10 years were not to run consecutively, but concurrently. In these circumstances, it is our opinion that the interests of justice require that the defendant be remanded for repleading (cf. *People* v. *Farina*, 2 A D 2d 776, affd. 2 N Y 2d 454, mot. for rearg. den. 2 N Y 2d 996).